## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

MITZI BRITT, INDIVIDUALLY, MITZI BRITT,
AS MOTHER OF LARSON EMFINGER,
A MINOR, LEGAL HEIRS AND NEXT FRIENDS OF
GIBSON L. BRITT, DECEASED FOR AND ON BEHALF
OF THEMSELVES AND ALL OTHER WRONGFUL
DEATH BENEFICIARIES OF GIBSON L. BRITT, DECEASED          PLAINTIFFS

VS.                                                       CAUSE NO. 2019-0008

GARY MOORE TRUCKING, INC And RICHARD J. MCCORMICK
AND JOHN DOE(S) 1-5 And JOHN DOE ENTITY(IES) 1-5          DEFENDANTS

## COMPLAINT

### (Trial by Jury Requested)

COME NOW, Plaintiffs, Mitzi Britt, Individually, Mitzi Britt, as mother of Larson Emfinger, a minor, legal heirs and next friends of Gibson L. Britt, Deceased, for and on behalf of themselves and all other wrongful death beneficiaries of Gibson Britt, Deceased, and file this their Complaint for wrongful death and other damages against the Defendants, Gary Moore Trucking, Inc.; Richard J. McCormick; and John Doe(s) 1-5; John Doe Entity(ies), and in support thereof, would show unto this Honorable Court the following, to-wit:

### I. Parties

1.

The Plaintiff, Mitzi Britt is adult resident citizen of Lincoln County, Mississippi, who resides at 3149 Old Malcom Road, Brookhaven, MS 39601, and is a legal heir-at-law of Gibson L. Britt, Deceased.

2.

The Plaintiff, Larson Emfinger, is a minor child who resides with his parent, Mitzi Britt in Lincoln County at 3149 Old Malcom Road, Brookhaven, MS 39601.



FILED
JAN 0 7 2019
EDNA E. STEVENS
CIRCUIT CLERK
BY _____ D.C.

3.

The Plaintiff, Gibson L. Britt, Deceased, was an adult resident citizen of, Copiah County, Mississippi having his residence located at 1043 West Street, Wesson, MS 39191.

4.

The Defendant, Gary Moore Trucking, Inc. is a business corporation, with its principle place of business located at 1725 East Evergreen Street, Mesa, Maricopa County, Arizona, 85203, licensed to do and doing business in the State of Arizona and may be served with process through the Mississippi Secretary of State's office by mail, and a copy of the summons and complaint, and discovery mailed to the address located at 1725 East Evergreen Street, Mesa, Maricopa County, Arizona, 85203.

5.

The Defendant, Richard J. McCormick, is an adult resident citizen of Pinal County, San Tan Valley, Arizona whose address is 629 East Saddle Way, San Tan Valley, Arizona 85143. Defendant, Richard L. McCormick, may be served with process of this Court pursuant to the Mississippi Rules of Civil Procedure, since he was using the roads of the State of Mississippi, and a result thereof, this Court has jurisdiction over him, and he is subject to service of process under the long arm statute. Further, the Defendant, Richard L. McCormick, has committed a tort in whole or in part in the State of Mississippi and, by virtue thereof, may be served with process of this Court pursuant to the Mississippi Rules of Civil Procedure, Defendant, Richard L. McCormick, may be served with process of this Court at his address 629 East Saddle Way, San Tan Valley, Arizona 85143.

6.

The Defendants, John Does 1-5 are any unknown person(s) or entity(ies) who may have been responsible for or who may have contributed to the negligence alleged herein. They may be

added as Defendants when their identities become known.

## II.   Jurisdiction and Venue

7.

That this cause of action occurred or accrued in Copiah County, Mississippi; and that, pursuant to the provisions of the Mississippi Rules of Civil Procedure, this court has jurisdiction.

## III.   Basic Facts Giving Rise to Claim for Relief

8.

That on or about June 26, 2016, at approximately 7:07 a.m., the decedent Gibson L. Britt was operating a tan 2003 Ford F-150 vehicle on MS Highway 28 in a western direction in Copiah County, Mississippi, in a careful and prudent manner.

9.

That on the same date and at the same time as hereinabove mentioned, Defendant, Richard J. McCormick was operating a blue 1996 Peterbilt 379 truck, owned by Defendant, Gary Moore Trucking, Inc., in an eastern direction on the same roadway when suddenly and without warning, Defendant crossed over into the westbound lane of traffic. Defendant collided and hit the Decedent head on causing his vehicle to overturn and landed on side of the road. Because of the catastrophic injuries from the accident, the decedent, Gibson L. Britt, was pronounced dead shortly thereafter.

## IV.   Negligence

10.

The Gary Moore Trucking, Inc., employee, Richard J., McCormick, driving the Defendant's vehicle owed Plaintiff the following duties:

(a)   The duty to have kept such lookout as an ordinary and prudent person would have kept for his or her safety and the safety of other persons under the conditions existing immediately before and at the time and place of said collision;

(b)   The duty to maintain proper control of his motor vehicle at all times and thus avoid

injuring others or damaging their property;

    (c)    The duty to have made a reasonable effort to have operated his vehicle in a manner that would not have caused his motor vehicle to strike the automobile which Plaintiff was operating at the time of the collision;

    (d)    The duty not to have operated his motor vehicle in a careless manner under the conditions existing immediately before and at the time and place of said collision; and

    (e)    The duty to have operated his motor vehicle under the circumstances in a manner in which his motor vehicle would not cause injury to others or damage their property.

11.

That all the material times alleged herein, Defendant, Richard J. McCormick, was acting as an employee and agent of Defendant, Gary Moore Trucking, Inc.; that Defendant, Richard J. McCormick, was acting within the scope and his authority and as such in the furtherance of the business of Defendant, Gary Moore Trucking, Inc.; and that all acts of negligence of the said Defendant, Richard J. McCormick were and are imputed to Defendant, Gary Moore Trucking, Inc.

**V. Damages**

12.

As a direct and proximate result of the above described accident Defendants Richard J. McCormick, Gary Moore Trucking, Inc., John Doe(s) 1-5, and John Doe Entity(ies) and such other parties as may hereinafter be found to be liable, Gibson L. Britt, deceased, developed and suffered severe, painful and fatal maladies and conditions, and on account of the same, Gibson L. Britt, deceased, would have been entitled to recover damages, had he not died. As a result, pursuant to section 11-7-13 of the Mississippi Code of 1972 Annotated (as amended), Plaintiffs are entitled to recover and hereby request from the Defendants the damages which Gibson Britt, deceased, would have been entitled to recover, had he not died on June 26, 2016.

13.

As a further direct and proximate result of the above described acts/omissions of Defendants, Gibson L. Britt, deceased, prior to his death, suffered and experienced excruciating pain, suffering, mental anguish and agony; and on account of the same, Gibson L. Britt, deceased, would have been entitled to recover damages, had he not died. As a result, pursuant to Mississippi Code section 11-7-13 (as amended), Plaintiffs are entitled to recover and hereby request from Defendants the damages which Gibson L. Britt, deceased would have been entitled to recover, had he not died on June 26, 2016.

14.

Plaintiffs are entitled to recover damages on account of the following, all of which are the direct and proximate result of the above described acts/omissions of Defendants:

    (a)    Said injuries, maladies, conditions, damages, losses, pain, suffering, and mental anguish and agony sustained by Gibson L. Britt, deceased prior to his death, as more particularly described herein above;

    (b)    Said great losses and damages sustained by the heirs, plaintiffs Gibson Britt, deceased, on account of the death of Gibson L. Britt;

    (c)    The sum which Gibson L. Britt, deceased, might have received if he had not died;

    (d)    The loss of the enjoyment of life of Gibson L. Britt, deceased;

    (e)    Loss of love, society and companionship of Gibson L. Britt to his heirs.

15.

As a direct and proximate result of the above described acts/omissions of Defendants which proximately caused the physical maladies and conditions of Gibson L. Britt, deceased, as described herein above, and the death of Gibson L. Britt estate administration costs and funeral and burial

expenses were incurred. The expenses were reasonable and necessary, and incurred as a direct and proximate result of the above described acts/omissions of Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand a judgment of, from, and against the Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, to be determined at the trial of this cause, plus interest from the date of the filing of the original Complaint and all costs of court.

RESPECTFULLY SUBMITTED this, the ___4th___ day of January, 2019.

>                   MITZI BRITT, INDIVIDUALLY,
>                   MITZI BRITT, AS MOTHER OF LARSON
>                   EMFINGER, A MINOR, LEGAL HEIRS AND
>                   NEXT FRIENDS OF GIBSON L. BRITT,
>                   DECEASED FOR AND ON BEHALF OF
>                   THEMSELVES AND ALL OTHER WRONGFUL
>                   DEATH BENEFICIARIES OF
>                   GIBSON L. BRITT, DECEASED, PLAINTIFFS
>
> BY:               _____
>                   RAJU AUNDRÉ BRANSON (MSB #99950)

OF COUNSEL:

Schwartz & Associates, P.A.
162 East Amite Street (39201)
Post Office Box 3949
Jackson, Mississippi 39207-3949
Phone:  601-988-8888
Fax: 601-948-3822